John R. Brydon (Bar No. 83365)
James V. Weixel (Bar No. 166024)
Alison Kearney (Bar No. 361255)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
101 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone:   (415) 949-1900
Facsimile:   (415) 354-8380
Email:       bry@darlaw.com
             jvw@darlaw.com
             a.kearney@darlaw.com

Attorneys for Defendant
FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO AVILA SANTACRUZ and PATRICIA CARDENAS, <br><br> Plaintiffs, <br><br> v. <br><br> FOREMOST INSURANCE COMPANY and DOES 1-10, <br><br> Defendants. | Case No.: _____ <br><br> (Stanislaus Cty. Sup. Ct. No. CV-25-008931) <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)** <br><br> Complaint Filed: September 17, 2025 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Foremost Insurance Company Grand Rapids, Michigan, sued herein as "Foremost Insurance Company" ("Foremost"), a Michigan corporation, by its undersigned counsel Demler, Armstrong & Rowland, LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the action pending as Case No. 25-CV-008931 in the Superior Court of California, County of Stanislaus, styled as captioned above, and all claims therein.

In support of this removal, Foremost states:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Stanislaus, by Plaintiffs Antonio Avila Santacruz and Patricia Cardenas ("Plaintiffs") in their Complaint against Foremost, entitled *Antonio Avila Santacruz and Patricia Cardenas v. Foremost Insurance Company and Does 1-10*, Case No. CV-25-008931 (the "State Action"). At this time, Foremost is informed and believes it is the only Defendant in this case, save fictitiously named defendants ignored for the purposes of removal. 28 U.S.C. § 1441(b)(1).

2. Plaintiff filed the State Action on September 17, 2025, asserting the following claims against Foremost: (1) breach of contract; and (2) "tortious bad faith" (breach of the implied covenant of good faith and fair dealing). *See* Complaint, attached as Exhibit A.

## II. PROCEDURAL REQUIREMENTS

3. Foremost was served with a copy of the State Action on or about September 29, 2025.

4. Under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5. The Complaint names "Does 1-10" as fictitiously-named defendants, but the citizenship thereof is ignored for purposes of assessing this Court's diversity jurisdiction and amenability to removal. 28 U.S.C. § 1441(b)(1).

6. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and Summons are contained in Exhibit A filed herewith.

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district and the Sacramento division thereof embrace the place in which the removed action has been pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Stanislaus promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Foremost's right to assert defenses including, without limitation, the defenses of (a) lack of personal jurisdiction, (b) improper venue and/or *forum non conveniens,* (c) insufficiency of process, (d) insufficiency of service of process, (e) improper joinder of claims\ and/or parties, (f) failure to state a claim, (g) failure to join indispensable party(ies), or (h) any other procedural or substantive defense available under state or federal law.

11. This notice of removal is filed within "l year after commencement of the action" in state court and is thus timely. 28 U.S.C. § 1446(c)(1). This notice is also "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Additionally, Foremost is the only named defendant, and Foremost is informed and believes from its review of the state court's Register of Actions dated September 30, 2025 that Plaintiffs have not properly joined and served any other defendants. A copy of the Register of Actions from the State Action is attached as Exhibit B. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 692-94 (9th Cir. 2005) (a case is removable "during the first thirty days after the defendant receives the initial pleading").

### III. JURISDICTION

#### A. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014)). "By design, § 1446(a) tracks the general

pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart,* 574 U.S. at 87.

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). That requirement has been satisfied here. In their Complaint, Plaintiffs allege that the cost of mitigating the damage allegedly caused to the property by the roof leak amounted to $24,869.66. Complaint, ¶ 12. Plaintiffs also allege that the cost of repairing the property amounted to $66,433.11. Complaint, ¶ 13. Plaintiffs thus claim that the insurance benefits to which they are entitled as a matter of contract, and the damages they are owed by Foremost for the alleged breach of the insurance contract due to Foremost's denial of Plaintiffs' claim, total $91,302.77. Plaintiffs also allege a right to recover compensatory damages for loss of use and enjoyment, diminution in value, emotional distress, incurrence of attorney fees and other sums as recoverable damages (*see Brandt v. Superior Court,* 37 Cal.3d 813 (1985)), punitive damages, and other relief. Complaint, ¶ 28 and Prayer ¶¶ 1-4. The amount in controversy thus exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

### B. DIVERSITY OF CITIZENSHIP EXISTS

15. Foremost is informed and believes Plaintiffs are, and were at the time of filing of the Complaint, citizens and residents of California. *See* Complaint, ¶ 5 (alleging that Plaintiffs reside in Modesto, Stanislaus County, California).

16. Foremost is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Michigan with its principal place of business in Caledonia, Michigan. This Court can take judicial notice of these facts. *See* Statement of Information for Foremost Insurance Company Grand Rapids, Michigan, filed July 18, 2025, with California Secretary of State, Exhibit C; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

///

17. Foremost is informed and believes that Foremost and Plaintiffs are the only parties in the case and there is complete diversity of citizenship between Plaintiffs (California citizens) on the one hand and Foremost (a Michigan citizen) on the other.

## IV. INTRADISTRICT ASSIGNMENT

18. This action should be assigned to the Sacramento Division of this Court, as the original venue of this action in Stanislaus County is within that division. L.R. 120(d).

## V. CONCLUSION

19. For the reasons stated above, the State Action may be removed, and is hereby removed, to this Court by Foremost in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 because: (a) this action is a civil action pending within the territorial jurisdiction of the United States District Court for the Eastern District of California, (b) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (c) the action is between citizens of different states.

Dated:  October 1, 2025

DEMLER, ARMSTRONG & ROWLAND, LLP

By: _____
John R. Brydon
James V. Weixel
Alison Kearney
Attorneys for Defendant
FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN