EXHIBIT A

1  | Theodore W. Briscoe III, CBN (360808)
2  | Thomas James Gibbons, CBN (209740)
   | Murray T. Beatts, CBN (225565)
3  | CALIFORNIA INSURANCE ATTORNEYS, P.C.
   | 222 E. Pacific Coast Hwy, Suite 2000
4  | El Segundo, CA 90245
   | Telephone: (855)-410-4242
5  | Email: capleadings@caia.legal:
   |     tbriscoe@caia.legal;
6  |     Thomas@caia.legal;
   |     Murray.beatts@caia.legal
7

Electronically Filed
9/17/2025 9:48 AM
Superior Court California
County of Stanislaus
Hugh K. Swift
Clerk of the Court
By Om Fernandez Deputy

$435 PAID

8

Attorneys for Plaintiffs Antonio Avila Santacruz and Patricia Cardenas

9

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## COUNTY OF STANISLAUS – CIVIL DIVISION

11

12 | Antonio Avila Santacruz and Patricia Cardenas,

Case:   CV-25-008931

13

Plaintiffs,

14

v.

**COMPLAINT AT LAW**
Amount demanded exceeds $35,000

15

16 | Foremost Insurance Company and DOES 1 - 10,

17

Defendants.

18

19  Plaintiffs Antonio Avila Santacruz and Patricia Cardenas, by and through their undersigned

20  counsel, California Insurance Attorneys, P.C., hereby files this Complaint and alleges, claims, and

21  prays for relief against the Defendants named herein as follows:

22

## JURISDICTION AND VENUE

23  1.    The Court has jurisdiction over this case as an Unlimited Civil Action for monetary

24  damages in excess of $35,000, plus prejudgment interest and attorney fees and costs.

25  2.    The Court has personal jurisdiction over the Defendants pursuant to Code of Civil

26  Procedure section 410.10 and the Constitutions of the State of California and the United States, based

27  on the Defendants' contacts with the State of California.

28  3.    Venue is proper in this Superior Court in Stanislaus County pursuant to Code of Civil

This case has been assigned to Judge Feeland, John D.
Department 23 , for all purposes including Trial.

Received by National Document Center 9/29/2025

1   Procedure § 395, et seq. Plaintiffs reside at 1636 Boise Ave, Modesto, CA 95358, which is subject to

2   the jurisdiction of the Stanislaus County Superior Court, and this is an unlimited civil action.

3   Additionally, each of the Defendants is located or does business in Stanislaus County. The contract at

4   issue was formed in Stanislaus County and is to be performed in Stanislaus County and further, the

5   events giving rise to this action occurred in Stanislaus County.

6                                           **PARTIES**

7          4.      Plaintiffs hereby incorporate into and reiterate all prior paragraphs in this pleading.

8          5.      Plaintiffs Antonio Avila Santacruz and Patricia Cardenas, are natural persons, both over

9   the age of 18, and at all times material to this action, both Plaintiffs were and are currently the owners

10  of certain real property, a residential dwelling, located at 1636 Boise Ave, Modesto, CA 95358

11  (hereinafter "the Property"), which suffered the damage that is the subject of this action.

12         6.      Defendant Foremost Insurance Company is a business entity, precise form unknown but

13  believed to be a corporation, which is located and/or does business in Stanislaus County, California.

14  Defendant is an insurance carrier authorized by the State of California to engage in the business of

15  insurance with California citizens including issuing and underwriting policies of insurance in the State

16  of California, including the policy issued to Plaintiffs which is at issue in this action.

17         7.      The names and capacities of the Defendants identified as DOES 1-10 are not known to

18  Plaintiffs at this time; once ascertained, their names and capacities will be substituted in place of

19  DOE(S) 1-10. Plaintiffs is informed and believes and thereon allege that DOES 1-10 each acted in

20  concert with and is an agent, representative, subcontractor, or assignee of the other Defendants, or is

21  otherwise responsible in some manner for the events and occurrences which are the subject of this

22  action by Plaintiffs; and caused or contributed to the harm, injury, and loss suffered or incurred by

23  Plaintiffs; and are liable to Plaintiffs, in full or part, for compensatory and punitive damages, attorney

24  fees, and costs as alleged herein.

25                                          **FACTS**

26         8.      Plaintiffs hereby incorporate into and reiterate all prior paragraphs in this pleading.

27         9.      Prior to the occurrence of the operative facts of Plaintiffs' injury in this case, Plaintiffs

28  purchased a homeowner's insurance policy from Defendants, Policy Number 381-0091784399-07 ("the

CAH24-000247

1    Policy"), which insured the Property owned and occupied by Plaintiffs on February 4, 2024. In

2    consideration for the premiums paid by Plaintiffs to Defendants, Defendants issued Plaintiffs the Policy

3    and continued it in effect. A true and correct copy of the Policy is attached hereto as **Exhibit 1** and

4    incorporated herein by reference.

5        10.    On February 4, 2024, Plaintiffs' home suffered a loss due to strong and sustained wind

6    damage to the home's roof. The Policy was in full force and effect at all times material to this action

7    and specifically on the subject date of loss to the Property, on or about February 4, 2024. The loss is a

8    covered peril under the terms of the Policy which provides coverage for such damage to the Property,

9    among other things.

10        11.    Upon notice or discovery of the loss, Plaintiffs timely reported it to Defendants and

11    made a claim on the Policy ("Claim") on October 17, 2024. Defendants acknowledged receipt of the

12    Claim and assigned claim number 70082550411 with a February 4, 2024 date of loss. Defendants

13    assigned an adjuster (or multiple adjusters) to handle the Claim and communicate with Plaintiffs and

14    their representatives concerning the Claim.

15        12.    Prime Restoration CA LLC conducted an inspection of the property and performed

16    mitigation efforts on the Property to address damage. Prime Restoration CA LLC's total cost of

17    remediation is $ 24,869.66.

18        13.    Plaintiff contracted an independent contractor to assess the damage to the property and

19    prepare a repair estimate. The independent contractor estimated the damages to be $ 66,433.11.

20        14.    On or about November 21, 2024 following a limited inspection of the insured property,

21    Defendant issued a full denial of the claim. In its correspondence, Defendant asserted that the claimed

22    damages were the result of age-related wear and tear and deterioration, which are excluded or

23    uninsured under the terms of the insured's Dwelling Fire Three Policy - Owner Occupied 11302.

24    Defendant found no wind damage during the in-person inspection and stated that there is no coverage

25    for repairs to the roof nor any resulting water damage caused by water entering the home due to wear

26    and tear or deterioration of roofing materials. The denial letter stated, in pertinent part: "Our

27    investigation, which included an in-person inspection of your home, found age-related wear and tear

28

CAH24-000247

1 | and deterioration. No wind damage was found during in-person inspection. Damage caused by wear
2 | and tear and deterioration is either excluded or uninsured under the terms of your policy. Therefore,
3 | there is no coverage for repairs to your roof, nor any resulting water damage caused by water coming
4 | into your home from wear and tear or deterioration of roofing materials."

5     15.    Plaintiffs' counsel requested Defendant reconsider its position and Defendant reiterated
6 | its position.

7     16.    Plaintiffs have timely and fully complied with all obligations imposed on them under the
8 | terms of the Policy and California law as required to bring and maintain this action against Defendants
9 | based on their breach of the Policy, and their bad faith failure to perform their duties and obligations to
10 | Plaintiffs as required by the Policy and California law.

11     17.    This action is timely filed by Plaintiffs within all applicable limitations periods imposed
12 | by terms of the Policy or California law, considering the periods in which the running of the statute of
13 | limitation was equitably tolled while Defendants conducted their investigation of the Claim and made
14 | their final coverage determination, as alleged herein-above.

15 | **FIRST CAUSE OF ACTION**<br>**BREACH OF CONTRACT AGAINST ALL DEFENDANTS**
16

    18.    Plaintiffs hereby incorporate and reiterate all prior paragraphs into this cause of action.

17
    19.    This is a cause of action for money damages by Plaintiffs against all Defendants for
18
breach of contract.

19
    20.    The Policy is a binding and enforceable contract between Plaintiffs and Defendants for
20
which due consideration was provided by each of the parties, including Plaintiffs payments of the
21
premiums charged by Defendants for the Policy. Plaintiffs have complied with all terms of the contract.
22
Defendants, on the other hand, have not.

23
    21.    Defendants breached the contract by wrongly and unlawfully:
24
    a.   Determining that Plaintiffs' Claim of loss to the Property was not fully covered
25
       under Policy, when in fact the Claim of loss is fully covered under the Policy;
26
    b.   Failing and refusing to pay a sufficient sum for the mitigation invoices for $
27
       24,869.66, notwithstanding Defendants' contractual duty under the terms of the
28

4<br>COMPLAINT

1    Policy to pay those invoices in full; and

2      c.   Failing to restore Plaintiffs' home to its preexisting condition prior to the date of

3         loss, **February 4, 2024**; therefore, Defendants have forced Plaintiffs to continue

4         living on the Property in its state of disrepair.

5    22.    Plaintiffs' damages were a reasonably foreseeable result of Defendants' intentional

6 breach of contract, and, they were directly and proximately caused by the breach. The precise amount

7 of Plaintiffs' damages above $35,000 is unknown at this time and will be proven at trial.

8                        **SECOND CAUSE OF ACTION**
                **MONEY DAMAGES FOR TORTIOUS BAD FAITH**
9                        **AGAINST ALL DEFENDANTS**

10    23.    Plaintiffs hereby incorporate and reiterate all prior paragraphs into this cause of action.

11    24.    This is a cause of action by Plaintiffs for compensatory and punitive damages against all

12 Defendants for their tortious bad faith conduct in willful violation and breach of the terms of the Policy

13 and California law.

14    25.    The Insurance Policy, like all contracts in California, inherently includes a duty of good

15 faith and fair dealing by Plaintiffs and Defendants as parties to the contract which arises as a matter of

16 law. Plaintiffs have fully complied with the duty of good faith and fair dealings while Defendants have

17 not.

18    26.    There are no good faith disputes by Defendants concerning coverage for Plaintiffs'

19 claim under the Policy or the nature and scope of the loss suffered and incurred by Plaintiffs for which

20 coverage is provided by the Policy.  Defendants willfully acted in bad faith by making their coverage

21 determination and later refusing to depart from it as requested by Plaintiffs, and by rejecting Plaintiffs'

22 demand for full payment of the total loss claimed.  Defendants also failed or refused to negotiate with

23 Plaintiffs in a good faith effort to resolve the coverage dispute without litigation, despite plaintiffs'

24 efforts to do so.

25    27.    Defendants willfully breached the duty of good faith and fair dealings by intentionally

26 and unlawfully and unreasonably and unfairly failing and refusing to:

27      a.   Conduct a full and complete and competent investigation of the Claim as required by

28         the terms of the Policy and California law;

CAH24-000247

b. Conduct a full and complete and competent inspection of the Property in connection with the Claim as required by the terms of the Policy;

c. Provide full coverage for Plaintiffs' Claim of loss to the Property as required by the terms of the Policy;

d. Defendants failed to pay Plaintiffs any amount for repairs and mitigation.

e. Defendants failed to Restore the Property to its pre-existing condition prior to the date of loss on February 4, 2024, which has forced Plaintiffs to continue living on the Property in its state of disrepair because they lack resources to pay for the repairs to the Property, as Defendants knew.

28.    Plaintiffs have suffered and incurred damages as a result of Defendants' willful violation and breach of the duty of good faith and fair dealings arising under the terms of the Policy, including, but not limited to:

a. Defendants' willful failure and refusal to pay for the necessary repairs to the Property;

b. Defendants' willful failure and refusal to pay for the mitigation work on the Property in the amount of $ 24,869.66 as required by the terms of the Policy.

c. Defendants' willful failure and refusal to restore the Property to its preexisting condition prior to the date of loss on February 4, 2024, which has forced Plaintiffs to continue living on the Property in its state of disrepair, thereby exposing them and the Property to additional harm and damages.

d. Plaintiffs' loss of full use and enjoyment of the Property.

e. Diminution in the value of the Property.

f. Plaintiffs' emotional distress as the result of Defendants conduct, which is a harm the Policy was intended to prevent by providing full coverage for Plaintiffs Claim of loss to the Property.

g. Plaintiffs' incurrence of attorney fees and costs and other expenses to address and, ultimately, redress Defendants breach of contract, which are harms the Policy was also intended to prevent by providing full coverage for Plaintiffs' Claim of loss to the Property.

CAH24-000247

29. Plaintiffs' damages were a reasonably foreseeable consequence of Defendant's breach of the duty of good faith and fair dealing arising under the terms of the Policy and California law.

30. Plaintiffs are also entitled to punitive damages against each of the Defendants pursuant to Civil Code section 3294, because each of the Defendants has acted willfully and in bad faith, and is, therefore, guilty of oppression, fraud, and malice based on their tortious conduct as alleged herein-above.

31. The precise amounts of Plaintiffs' compensatory and punitive damages above $35,000 are not known at this time and will be proven at trial.

## DEMAND FOR MEDIATION AND JURY TRIAL

32. Plaintiffs hereby demand that Defendants agree to participate in mediation at an early stage of this litigation. The current circumstances are dire and urgent for Plaintiffs for the reasons stated herein-above, particularly her lack of resources to pay for the necessary repairs to the Property which has forced them to continue living on the Property in its state of disrepair. It is imperative for the parties to participate in mediation at an early stage of this litigation in an effort to promptly settle this case on fair and reasonable terms and provide due relief to Plaintiffs.

33. Plaintiffs hereby demands a jury trial and will timely post jury fees in the amount of one hundred and fifty dollars ($150) in accordance with Code of Civil Procedure § 631 or at such later date as the Court may allow.

## PRAYER

WHEREFORE, Plaintiffs pray for relief and requests entry of judgment against Defendants, and each of them, jointly and severely, as follows:

1. **For compensatory damages** in an amount according to proof at trial, with prejudgment interest added in accordance with law on the First Cause of Action for breach of contract against all Defendants;

2. **For compensatory and punitive damages** in amounts according to proof at trial with prejudgment interest added in accordance with law on the Second Cause of Action for tortious bad faith against all Defendants;

3. **For attorney fees and costs** pursuant to Code of Civil Procedure §§ 1032 and 1033.5,

CAH24-000247

or as otherwise available by law, including, but not limited to:

    a.  Civil Code § 1717, if the contract which is the subject of this action contains an attorney fee provision;

    b.  Code of Civil Procedure § 1021.5, if the outcome of this action satisfies the requirements of that statute; and/or the California Supreme Court's decision in *Brandt v. Superior Court* (1985) 37 Cal.3d 813, 817;

4.  For such other relief as the law and equity allow and the Court deems just and proper under the circumstances of this case.

Date: Wednesday, September 17, 2025

**CALIFORNIA INSURANCE ATTORNEYS P.C.**

By:

Theodore W. Briscoe III, Esq.

Attorney for Plaintiffs

CAH24-000247